Zheng v. Sessions

BIA
Cheng, IJ
A205 432 429

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand eighteen.

PRESENT:
        JOHN M. WALKER, JR.,
        BARRINGTON D. PARKER,
        REENA RAGGI,
            *Circuit Judges.*

_____

HONG TONG ZHENG,
        *Petitioner,*

        v.                                    No. 16-120
                                              NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:           James A. Lombardi, New York,
                          New York.

FOR RESPONDENT:           Chad A. Readler, Acting Assistant
                          Attorney General, Derek C. Julius,
                          Assistant Director, Bernard A.
                          Joseph, Senior Litigation Counsel,
                          Office of Immigration Litigation,
                          United States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hong Tong Zheng, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Hong Tong Zheng,* No. A205 432 429 (B.I.A. Dec. 31, 2015), *aff'g* No. A205 432 429 (Immig. Ct. N.Y. City Mar. 11, 2014). Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition for review.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the

2

applicant or witness, . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-64. Here, substantial evidence supports the agency's determination that Hong Tong Zheng was not credible as to his claims that Chinese police detained and beat him on account of his Christianity, and that they continued to look for him afterwards.

The agency reasonably relied in part on Hong Tong Zheng's demeanor, finding his testimony to be rehearsed and evasive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). Hong Tong Zheng's testimony was clear and concise when questioned by his attorney, but he was often unable to provide additional details when requested by the IJ or the government.

3

The agency also found significant inconsistencies and omissions in Hong Tong Zheng's testimony. The record supports those findings, particularly with regard to whether police looked for Hong Tong Zheng after his release from detention. Although questioned about his fear of future harm in China, Hong Tong Zheng only mentioned that police continued to look for him when asked pointed questions by the IJ. Then, when pressed for details, his testimony became inconsistent: he first testified that police looked for him at his father's house twice, once in February 2011 and once in April 2011; and he later testified that he did not know if police visited his father in April. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

The agency also reasonably relied on omissions from Hong Tong Zheng's written statement and his mother's letter regarding whether police had visited his father's house or were looking for him. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d at 165-67 & n.3. Although asylum applicants are not required to list every incident or

4

provide every detail in their asylum applications because the application form provides only limited space, *see Pavlova v. I.N.S.*, 441 F.3d 82, 90 (2d Cir. 2006), Hong Tong Zheng attached a detailed written statement of more than two pages to his application, which included less pertinent information. Furthermore, his mother's two-page letter stated that Hong Tong Zheng would "definitely" be arrested if he returned to China, C.A.R. 219, yet failed to mention that police had continued to look for him as support for that assertion. *See Xiu Xia Lin v. Mukasey*, 534 F.3d at 165-66 & n.3.

The agency further reasonably declined to give weight to a handwritten letter from Hong Tong Zheng's church in China because the author's identity was not provided. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (holding that determination of the weight of evidence is largely a matter of agency discretion). Moreover, the letter omits any mention that Hong Tong Zheng and his fellow church members were arrested while attending service at the church. *See Xiu Xia Lin v. Mukasey*, 534 F.3d at 166-67 & n.3; *see also Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general

5

makes an applicant unable to rehabilitate testimony that has already been called into question."). Hong Tong Zheng did not provide a compelling explanation for this or any of the other record inconsistencies. *See Majidi v. Gonzales*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original) (internal quotation marks omitted)).

In sum, given its findings as to demeanor and inconsistencies in the record, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167. That determination is dispositive of Hong Tong Zheng's claims for asylum and withholding of removal.[1] *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

---

[1] Hong Tong Zheng does not challenge the denial of CAT relief or the BIA's denial of his motion to remand.

6

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court